Johnson, J.
delivered the opinion of the Court.
The grounds on which the Judge on Circuit proceeded, are not distinctly perceived; but judging from the brief, and the very concise report indorsed on it, I am led to conclude, that the nonsuit was ordered on the supposition, that the act of 1712, P. L. 105, § 7. had provided a special remedy, and that the plaintiffs could pursue no other: But by the least attention to *74 tile section of the act in question, it will be seen, that the state of things there contemplated, bears no analog/ to the circumstances of this case.
Vide Act of 1791. 1 Faust 76. ’ ’
Reeve’s Bom. Rel. 283.
That act subjects the father of one, so poor as to become a charge to the district, to be assessed by the Commissioners of the Poor, for so much as they may think necessary for the support of such child by the week; and, on his refusal to pay the same, any Justice of the Peace is authorised to issue his warrant to levy the same by distress, and sale of his goods, and for want of sufficient distress, to commit the offender to prison until payment be made.
The act presupposes that the father and his goods are within the jurisdiction and power of the commissioners, for unless they were, the power here granted, must, necessarily, be inoperative ; but in this case, the residence of the father being out of the State, the process prescribed by law could neither reach his person nor his goods, and is not, therefore, the case provided for in the act, and of consequence, that remedy can be no bar to another, if they have it by law.
The second section of the same act, P. L. 104, points out another . remedy for a different class of cases, within which, I am disposed to think, this might be brought, without any violence to common sense or the rules of construction. It gives to the commissioners, power to demand and receive all such gifts and legacies, and all such fines and forfeitures, and any other money or things whatsoever, as are given to the use of the poor; and in case of refusal to deliver or pay the same, to commence and prosecute any lawful suit or action for the recovery thereof.
The precise case under consideration was, probably, not in the contemplation of the Legislature at the time this act was passed; but I think it very apparent, that it was intended to give the commissioners entire and conclusive control over the funds which were designed for the support of the poor, to the accomplishment of which, the right to sue is, in some degree, indispensable ; and if vve assume that whatever is placed in their hands, is so much set apart and given to the use of the pool-, whether it be raised by public contribution or individual charity, the case falls within the letter of the act.
On principle too, the plaintiffs are intitled to maintain this action, and I prefer to put their rights on that ground. It is not *75 denied that the defendant was able and bound by law to provide for his poor child, or that the sum laid out by the plaintiffs was necessary to her subsistence, and in morality and good conscience be is bound to refund it; and let us suppose that he is ready and willing to do it, to whom will he tender it l In solving this question, let it be rememb~red that this fund was raised by an assessment on the inhabitants of Laurens District, and is set apart by law for the support of the poor of that district, and that the application of it to any other object, is nn~arranted by law or justice. Will he offer it to the treasurer l Wlmt concern has he with the poor of Laurens, and what powe~r has he over the funds l The la~- gives him none. These mattel's are confided to the plaintiffs; they alone are intitled to receive, and are responsible for its application.
Now if we apply to the circumstances the plain and well un~ derstood rule of law, that he who is intitled to the possession or use of money or goods, as a bailee and trustee, or the like, may maintain an action in his own name against one, who wrongfully witholds or retains them, we have the solution ~f the question. This fund was confided to the plaintiffs to be disbursed for the use of the poor, and they have applied it ~to tile use of the defendant, He is bound to refund, they are intitled to receive, and of course may maintain this action. The motion to set aside the nonsuit, is therefore granted.